IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | )Case No. 06-00330 HG BMK | |

UNITED STATES OF AMERICA,           )Case No. 06-00330 HG BMK
                                    )
              Plaintiff,            )
                                    )
         v.                         )
                                    )
RICHARD J. COWAN, KATHERINE         )
McCLELLAND COWAN, MITCH C.          )
WALLIS, Trustee of FREEBIRD         )
VENTURES, an unincorporated         )
trust organization, MORTGAGE        )
ELECTRONIC REGISTRATION             )
SYSTEMS, INC., COUNTRYWIDE          )
HOME LOANS, INC., and STATE OF      )
HAWAII, DEPARTMENT OF TAXATION, )
                                    )
              Defendants.           )
_____)

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
MITCH C. WALLIS, TRUSTEE OF FREEBIRD VENTURES**

Before the Court is Plaintiff United States' ("the

Government") Motion for Default Judgment Against Defendant Mitch

C. Wallis, Trustee of Freebird Ventures, filed July 3, 2007.

Defendant Mitch C. Wallis, Trustee of Freebird Ventures ("Mr.

Wallis"), has not responded to the Motion.  Defendants Mortgage

Electronic Registration Systems, Inc. and Countrywide Home Loans,

Inc. (collectively "Countrywide"), who have appeared in this

case, responded that they took no position with respect to the

Motion.  Defendant State of Hawaii Department of Taxation

("State"), who has appeared in this case, responded by clarifying

its lien interest against the subject property but otherwise did

not oppose the Motion.  Defendant Richard J. Cowan ("Mr. Cowan")

and Defendant Katherine McClelland Cowan ("Mrs. Cowan") have appeared in this case, but did not respond to the Motion.  This matter came on for hearing on August 10, 2007, with Jeremy N. Hendon, Esq., appearing by telephone on behalf of the Government, Mary L. Martin, Esq., appearing on behalf of Countrywide, and Mary B. Yokota, Esq., appearing on behalf of the State.  Neither Mr. Cowan nor Mrs. Cowan appeared at the hearing.  After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On June 19, 2006, the Government filed the instant Complaint, seeking to: 1) reduce Mr. Cowan's federal income tax liabilities and federal frivolous return filing penalties to judgment; 2) reduce Mrs. Cowan's federal frivolous return filing penalties to judgment; and 3) to foreclose the federal tax liens on a parcel of residential property titled in the name of Freebird Ventures but which the United States asserts is owned by Mr. and Mrs. Cowan ("the Property").

By "Apartment Deed" dated September 30, 1998, and filed on October 7, 1998, Mr. Wallis, the purported Trustee of Freebird Ventures, purported to acquire title to the Property. [Complaint at ¶ 29.]  By "Apartment Deed" dated March 5, 2001, and recorded

- 2 -

with the State of Hawaii Bureau of Conveyances on March 8, 2001, Mr. Wallis, the purported Trustee of Freebird Ventures, transferred title to the Property to Mr. and Mrs. Cowan as tenants by the entirety. [Id. at ¶ 30.]

On or about April 18, 2001, defendant Mortgage Electronic Systems, Inc., as a nominee for defendant Countrywide Home Loans, Inc., granted Mr. and Mrs. Cowan a mortgage on the Property in the amount of $200,000.  Said mortgage was filed on April 27, 2001. [Id. at ¶ 31.]  On or about April 18, 2001, defendant Countrywide Home Loans, Inc., granted Mr. and Mrs. Cowan a second mortgage on the Property in the amount of $50,000.  Said second mortgage was filed on April 27, 2001. [Id. at ¶ 32.] On April 24, 2002, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against all property owned by Mr. Cowan, including the Property, based on Mr. Cowan's unpaid federal income taxes for the years 1995 and 1996. [Id. at ¶ 25.]

By "Quitclaim Apartment Deed" dated April 27, 2001, but not filed until May 22, 2002, Mr. and Mrs. Cowan as tenants by the entirety, purported to transfer title to the Property back to Mr. Wallis, the purported Trustee of Freebird Ventures. [Id. at ¶ 34.]  On August 1, 2003, the IRS filed a Notice of Federal Tax Lien against all property owned by Mr. Cowan based on Mr. Cowan's unpaid federal frivolous return filing penalties for the years 1995, 1996, and 1997. [Id. at ¶ 26.]  On March 23, 2005, the IRS

filed a Notice of Federal Tax Lien against all property owned by
Mrs. Cowan based on Mrs. Cowan's unpaid federal frivolous return
filing penalties for years 1995, 1996, and 1997. [Id. at  ¶ 27.]
On August 24, 2005, the State filed a lien against property owned
by Mr. Cowan based on Mr. Cowan's unpaid state income taxes for
the years 1995 and 1996.  [State's Response to Motion for Default
Judgment, pp. 2-3.]

   The Government asserts that the purported conveyance from
Mr. and Mrs. Cowan to Mr. Wallis, the purported Trustee of
Freebird Ventures, of the Property filed on May 22, 2002, was
fraudulent as to the United States and at the time of that
purported conveyance of the Property, federal income taxes and
federal civil penalties were due and owing by Mr. and Mrs. Cowan
to the United States. [Complaint at ¶¶ 36-37.]  Further, the
Government asserts that the purported conveyance was made with
the intent to hinder, delay or defraud the creditors of Mr. and
Mrs. Cowan, including the United States, and that the purported
conveyance has no effect as to the United States under the law of
the State of Hawaii and such conveyance should be set aside. [Id.
at ¶ 38.]  Alternatively, the Government asserts that the
purported conveyance of the Property from Mr. and Mrs. Cowan to
Mr. Wallis was made without fair consideration; Mr. and Mrs.
Cowan were rendered insolvent thereby; and the transfer impaired
the rights of the United States to collect just and lawful debts

- 4 -

and as such, the transfer is fraudulent and of no effect as to the just and lawful debts of the United States under the law of the State of Hawaii. [Id. at ¶ 39.]  Thus, the Government asserts that Mr. and Mrs. Cowan remain the owners of the Property despite the purported conveyance from them to Mr. Wallis, the purported Trustee of Freebird Ventures. [Id. at ¶ 40.]  Finally, the Government asserts that the Property is being held in the name of Mr. Wallis, the purported Trustee of Freebird Ventures, as the nominee of Mr. and Mrs. Cowan. [Id. at ¶¶ 42-43.]

The Government asserts that its liens attach to the Property and that it is entitled to sell the Property to enforce its liens.  [Id. at ¶¶ 35, 44.]

Over one year ago, on August 7, 2006, the United States properly served Mr. Wallis, as Trustee of Freebird Ventures, by personal service of the summons and complaint.[1]  Mr. Wallis has not filed an answer or other responsive pleading, nor has he appeared in this case.  The Clerk of the Court entered default against Mr. Wallis, as Trustee of Freebird Ventures, on June 13, 2007.

The Government filed the instant Motion on July 3, 2007. The default judgment would extinguish any interest that Freebird

---

[1]Under Fed. R. Civ. P. 4(h)(1), service on a trust is proper by personally serving its trustee with the summons and a copy of the complaint.  See generally Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).

Ventures may have in the Property.  The Government argues that the merits of its foreclosure claim and the sufficiency of the Complaint weigh in favor of issuing default judgment.  [Mem. in Supp. of Motion at 9-13.]

Congress has authorized the IRS to collect outstanding tax liabilities.  Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes.  Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon, the property at issue.  Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.  Where the United States establishes its interest in the property, the court can direct a sale of the property. [Id. at 10-11.]

The Government argues that it has complied with the statutory requirements and that it is entitled to foreclosure of its tax lien and a sale of the Property.  The Government asserts that the Property is really owned by Mr. and Mrs. Cowan and that Freebird Ventures has no right, title, or interest in the Property itself.  The Government then contends that the proceeds from the sale of the Property should be disbursed first for the

costs of the sale, and then to the Government, Countrywide, and the State, according to their relative priorities.[2]

The Government argues that it would be prejudiced if Freebird Ventures' alleged interest in, and record title to, the Property is not extinguished because the United States would not be able to sell the Property.  The Government argues that the potential prejudice to it, and to the other parties, weighs in favor of granting default judgment.  The Government notes that it is not seeking damages against Mr. Wallis or Freebird Ventures and that the extinguishment of any interest in, and record title to, the Property of Freebird Ventures would not affect any amount Mr. or Mrs. Cowan may owe Freebird Ventures or Mr. Wallis.  The Government therefore argues that the amount at issue also weighs in favor of granting default judgment.  The Government contends that default judgment is also warranted because there is no possibility of a dispute over the material facts in this case. The factual allegations of the Complaint are presumed to be true and Freebird Ventures nor Mr. Wallis have never appeared in this case.  [Id. at 13-14.]

The Government also argues that default judgment is appropriate because Mr. Wallis' default was not the result of

---

[2]The Government and the State have agreed with Countrywide that Countrywide's liens have priority over the Government's and the State's liens with respect to distribution of the sales proceeds.

excusable neglect.  Although almost one year has elapsed since
Mr. Wallis' answer or other responsive pleading was due, Mr.
Wallis has never filed a response to the Complaint.  In addition,
the Government contends that because Mr. Wallis is a licensed
attorney in California, that fact provides additional support
that his failure to respond was not due to excusable neglect.
Thus, Mr. Wallis had knowledge of the proceedings but failed to
respond and there is nothing in the record indicating that this
was the result of excusable neglect. [Id. at 15.]

Finally, the Government acknowledges that there is a strong
policy favoring decisions on the merits, but the Government
argues that Mr. Wallis had ample opportunity to respond and
failed to do so.  It would be unfair to penalize the other
parties by jeopardizing the sale of the Property. [Id. at 15-16.]
The Government therefore argues that all of the relevant factors
weigh in favor of granting default judgment.

### DISCUSSION

Default may be entered by the clerk if the defendant has
"failed to plead or otherwise defend" within the permitted time.
Fed. R. Civ. P. 55(a).  "'The general rule of law is that upon
default the factual allegations of the complaint, except those
relating to the amount of damages, will be taken as true.'"
TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th
Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557,

560 (9th Cir. 1977)).  The Court has discretion whether to enter
default judgment.  See Lau Ah Yew v. Dulles, 236 F.2d 415 (9th
Cir. 1956).  In Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.
1986), the Court identified seven factors that districts court
may consider in exercising their discretion to award a default
judgment:

> (1) the possibility of prejudice to the plaintiff; (2)
> the merits of plaintiff's substantive claim; (3) the
> sufficiency of the complaint; (4) the sum of money at
> stake in the action; (5) the possibility of a dispute
> concerning material facts; (6) whether the default was
> due to excusable neglect; and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring
> decision on the merits.

Id. at 1471-72.  "In applying this discretionary standard, default
judgments are more often granted than denied."  PepsiCo, Inc. v.
Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

   Where a default is entered, the well-pleaded allegations in
the complaint are taken as true.  See Fair Housing of Marin v.
Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes, 559 F.2d at
560.  The plaintiff, however, must establish the relief to which
it is entitled.  See Pope v. United States, 323 U.S. 1 (1944);
Fair Housing of Marin, 285 F.3d at 906.

   The Government has diligently litigated the instant case and
it will be prejudiced if Freebird Ventures' alleged interest in
and record title to the Property is not extinguished.  The Court
also finds that the Complaint sufficiently alleges substantive
claims which concern a significant amount of money.  Further, in

- 9 -

light of the fact that Mr. Wallis, Trustee of Freebird Ventures, has never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that his default was due to excusable neglect.  This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion.  The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment against Mr. Wallis, Trustee of Freebird Ventures, is warranted.  This Court therefore RECOMMENDS that the district judge issue judgment in favor of the Government and against Mr. Wallis, Trustee of Freebird Ventures, and that the judgment extinguish Freebird Ventures' alleged interest in, and record title to, the Property.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendant Mitch C. Wallis, Trustee of Freebird Ventures, filed July 3, 2007, be GRANTED.

//

//

//

//

- 10 -

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: August 15, 2007

UNITED STATES OF AMERICA V. RICHARD J. COWAN, ET AL.; CV. NO. 06-00330 HG-BMK;
FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT MITCH C. WALLIS, TRUSTEE OF FREEBIRD VENTURES